**Bachir Ali KOURANI, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondents.**

No. 06–2413–ag.

United States Court of Appeals, Second Circuit.

Jan. 18, 2007.

Alexandra V. Tseitlin, New York, New York, for Petitioner.

Peter D. Keisler, United States Attorney for the District of Columbia, James E. Grimes, Thankful T. Vanderstar, Assistant United States Attorneys, Washington, District of Columbia, for Respondents.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Bachir Ali Kourani, a citizen of Lebanon, seeks review of a April 28,

2006 order of the BIA affirming the November 26, 2004 decision of Immigration Judge ("IJ") Adam Opaciuch denying his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Bachir Ali Kourani*, No. A77 594 403 (B.I.A. Apr. 28, 2006), *aff'g* No. A77 594 403 (Immig. Ct. N.Y. City Nov. 26, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts and affirms the IJ's decision, this Court reviews the decision of the IJ, *see Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir. 2005), under the substantial evidence standard, *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

At the outset we note that, contrary to the government's assertion that Kourani waived his withholding of removal and CAT claims by failing to raise them before the BIA, the BIA explicitly indicated its consideration of those claims. The BIA stated in its decision that Kourani "appeals from the ... decision of the Immigration Judge denying his application for asylum and withholding of deportation ... as well as his application for withholding of removal under the [CAT]." We thus have jurisdiction to consider those claims on appeal.

■ The IJ determined that Kourani's testimony was credible, but nevertheless held that Kourani failed to establish that (1) his uncle was killed by Hizbollah and (2) Hizbollah targeted him because he refused to join their cause. There is not substantial evidence to support these findings. It is unclear why the IJ dismissed these parts of Kourani's testimony, but where an applicant's testimony is credible, and the IJ finds that further evidence is necessary in order to corroborate a factual allegation, he or she must first (1) identify the relevant missing evidence and (2) explain why such evidence was reasonably available to the applicant. *See Diallo v. INS*, 232 F.3d 279, 289–90 (2d Cir.2000). The IJ failed to meet these obligations.

■ Furthermore, the IJ erred in finding that Kourani failed to establish that his mistreatment was on account of a protected ground. We have held that an individual may be eligible for asylum if he is fleeing his country to avoid punishment for refusing to join a "military force condemned by the international community." *Islami v. Gonzales*, 412 F.3d 391, 396–97 (2d Cir.2005) (internal citations omitted). Kourani claims that he suffered persecution because he resisted joining Hizbollah, a military force condemned by the international community and which the IJ deemed to be a terrorist organization. Moreover, Kourani testified that he did not "want to join [Hizbollah] and kill people," indicating a conscientious objection to serving in the Hizbollah organization. In sum, the credited record evidence is sufficient as a matter of law to indicate persecution on account of a protected ground.[1] To the extent the IJ's denial of withholding of removal was predicated on his ina-

---

1. Even if the IJ's finding that there is insufficient indication in the record to support the finding that there is a pattern or practice of persecution against Lebanese men who refuse to join Hizbollah, Kourani need not prove such pervasive persecution, where, as here, he has established his individualized risk of mistreatment. *See* 8 C.F.R. § 1208.13(b).

bility to establish eligibility for asylum, that determination may no longer stand.

 Finally, we take judicial notice that Hizbollah won a substantial portion of the votes in southern Lebanon during the June 2005 parliamentary elections. The BIA may wish to consider this fact on remand if it becomes necessary to reassess the validity of the IJ's conclusion that it was safe for Kourani to relocate in Lebanon in order to avoid persecution. *See Latifi v. Gonzales,* 430 F.3d 103, 106 (2d Cir.2005) (taking judicial notice that elections in July 2005 returned the Democratic Party in Albania to power, and finding that the BIA might wish to consider the event on remand). Accordingly, because the IJ's denial of Kourani's CAT claim is based, at least in part, on the finding that he could relocate within Lebanon, that claim is also remanded for further consideration.

For the foregoing reasons the petition for review is GRANTED the BIA's decision is VACATED and the case is REMANDED for further proceedings consistent with this order. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.